Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| WILSON 1350, LLC, R3 HOLDINGS, LLC<br><br>Recurrente<br><br>v.<br><br>ENDEAVOR CAPITAL PR, LLC<br><br>Recurrido | TA2026RA00245 | REVISIÓN JUDICIAL Procedente de la Oficina del Comisionado de Instituciones Financieras<br><br>Caso Núm.: R-2026-0056 |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparecen ante nos Wilson 1350, LLC y R3 Holdings, LLC ("la Parte Recurrente", conjuntamente), mediante *Recurso de Revisión Administrativa* presentado el 12 de mayo de 2026. Nos solicitan la revocación de la determinación emitida el 31 de marzo de 2026 por la Oficina del Comisionado de Instituciones Financieras del Gobierno de Puerto Rico ("OCIF" o "agencia"). Por virtud de la referida determinación, la agencia resolvió que no tenía jurisdicción para atender la *Querella* instada por la Parte Recurrente.

Por los fundamentos que expondremos a continuación, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción.

## I.

Surge del expediente ante nos que, el 6 de marzo de 2026, la Parte Recurrente radicó *Querella* ante la OCIF.[1] En síntesis, alegó que Endeavor Capital incurrió en prácticas prohibidas al conceder préstamos hipotecarios sin tener las licencias correspondientes,

---

[1] *Véase,* Apéndice de *Recurso de Revisión Administrativa,* Anejo III, págs. 1-7.

según dispuesto en el Reglamento para Regular Negocio de Intermediación Financiera, Reglamento 8348 de 2 de mayo de 2013.

Evaluada la *Querella*, la OCIF dictó y notificó determinación el 31 de marzo de 2026, en la cual resolvió que carecía de jurisdicción para atender la reclamación instada por la Parte Recurrente, al amparo del siguiente razonamiento:

> La Ley Núm. 4 de 11 de octubre de 1985, mejor conocida como "Ley de la Oficina del Comisionado de Instituciones Financieras", concede poderes y facultades a la Oficina para regular, fiscalizar y atender querellas relacionadas a las entidades financieras según definidas en la ley. Sin embargo, surge de los documentos presentados junto con su reclamo que el préstamo en controversia es con propósito mercantil (desarrollo) y dicha situación no está cubierta por las leyes y reglamentos administrados por nuestra Oficina, las cuales regulas transacciones de consumo (no comerciales).[2]

Por último, incluyó las advertencias legales concernientes al derecho a presentar reconsideración y el derecho a solicitar revisión judicial con la indicación de los respectivos términos dispuestos en ley.

Oportunamente, el 20 de abril de 2026, la Parte Recurrente presentó *Moción de Reconsideración*. En esencia, argumentó que la OCIF ostenta jurisdicción para atender la situación expuesta por Wilson 1350 y R3 Holding, toda vez que la controversia gira en torno a las figuras de prestamistas hipotecario e intermediario financiero. Señala que dicho asunto está contemplado en el alcance de su jurisdicción, según lo establece el Artículo del Reglamento 8348, *supra*.

Transcurrido el término de quince (15) días, la agencia rechazó de plano la solicitud de reconsideración.[3]

---

[2] *Véase*, Apéndice de *Petición de Revisión Administrativa*, Anejo II, pág. 1.
[3] La Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9655, según enmendada establece la siguiente normativa referente a la atención de la reconsideración ante las agencias:

> La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. **Si la rechazare de plano o no**

Inconforme, el 12 de mayo de 2026, la Parte Recurrente acudió ante este Tribunal de Apelaciones, en el cual esbozó los siguientes señalamientos de error:

> PRIMER ERROR: Erró OCIF al no considerar la ausencia de licencia de intermediario financiero al momento de emitir los préstamos a nombre de Wilson en violación a los requisitos de la Ley Núm. 214. Al no considerar está ilegalidad OCIF completamente ignoró una parte sustancial de la querella presentada. De esta forma abdicando el claro mandato legislativo de fiscalizar y regular la industria de intermediario financiero.

> SEGUNDO ERROR: Erró OCIF al declarar que no tenía jurisdicción sobre impugnaciones de licenciatura y la emisión de préstamos y contratos de hipoteca sin las licencias aplicables. A diferencia de lo expuesto por OCIF en su resolución, la solicitud de la Querella no iba dirigida a una controversia contractual, sino a si Endeavor había cumplido con los requisitos legales de licenciatura al momento de emitir los préstamos a los Recurrentes.

Al día siguiente, entiéndase, el 13 de mayo de 2026, Wilson 1350 y R3 Holding sometieron ante nos *Moción Acreditando Jurisdicción,* a la cual adjuntaron prueba documental.[4] En esta, indicaron que notificaron a la OCIF vía correo electrónico y mediante entrega en mano en cuanto a la presentación del recurso.[5] Igualmente, informaron que remitieron copia del escrito apelativo, así como de su apéndice, a Endeavor Capital, "**a pesar de que nunca compareci[ó] al proceso administrativo, ya que OCIF nunca notificó la querella conforme a la Sección 2.15 del Reglamento 9551 de OCIF de 11 de abril de 2024**".[6] (Énfasis nuestro).

En igual fecha, este Foro Intermedio dictó *Resolución* en la cual otorgamos un término a vencer el 11 de junio de 2026, para

---

**actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso**. 3 LPRA sec. 9655. (Énfasis nuestro).

[4] Surge del expediente la siguiente prueba documental: (1) copia del correo electrónico en cuanto a la notificación al Lcdo. Diego Corral González, (2) Copia del correo certificado remitido a Endeavor Capital, (3) Notificación de entrega a la mano con fecha de 13 de mayo de 2026.

[5] *Véase*, SUMAC TA, Entrada 2.

[6] *Véase*, SUMAC TA, Entrada 2, pág. 1. A esos efectos, la Parte Recurrente presentó como anejo la copia del correo certificado remitido a Endeavor Capital. **La Sección 2.15 del precitado reglamento establece que, la OCIF notificará oportunamente al querellado en cuanto a la reclamación presentada en su contra mediante los siguientes métodos: correo certificado, correo ordinario, correo electrónico o diligenciamiento personal.**

presentar su oposición, a la luz de lo informado por la Parte Recurrente.

En vista de lo anterior, el 11 de junio de 2026, la OCIF presentó *Moción Informativa sobre Comparecencia Especial Limitada y Solicitando Reconsideración de la Resolución (Ent 3) para Relevar a la OCIF de Presentar Alegato en Oposición, por No Ser Parte en la Controversia.*[7] En esencia, nos peticionó que le releváramos del procedimiento apelativo por considerar que no es parte litigante en el caso de marras. En esa línea, explicó lo siguiente:

> **La decisión administrativa recurrida por la parte peticionaria se emitió en un procedimiento adjudicativo tramitado ante la OCIF, donde las partes adversativas fueron la parte peticionaria y Endeavor Capital PR, LLC. Sin embargo, la OCIF no llegó a notificar la querella a Endeavor Capital PR, LLC ya que el juez administrativo desestimó la querella por falta de jurisdicción antes de dicha notificación, según se lo permite la Sección 2.19 del Reglamento 9551, Reglamento de Procedimientos Adjudicativos de la Oficina del Comisionado de Instituciones Financieras. Véase, además, Medina v. OCIF, KLRA201401042 (sentencia del 11 de diciembre de 2014)**.[8] (Énfasis nuestro).

No obstante, el 22 de junio de 2026, la Parte Recurrente interpuso *Oposición a "Moción Informativa Sobre Comparecencia Especial Limitada y Solicitando Reconsideración de la Resolución (Ent 3) para Relevar a la OCIF de Presentar Alegato en Oposición".*[9] Según su postura, la OCIF no adjudicó controversia entre la Parte Recurrente y Endeavor Capital. Por el contrario, sostuvo que desestimó la *Querella* por considerar que no tenía jurisdicción, **sin notificar a Endeavor Capital**. Por lo anterior, razonó que la OCIF es la parte real, en interés, obligada a defender la determinación emitida.

Ante tales alegaciones, esta Curia emitió *Resolución* el 23 de junio de 2026, en la cual concedimos a la OCIF un término de tres

---

[7] *Véase*, SUMAC TA, Entrada 4.
[8] *Véase*, SUMAC TA, Entrada 4, pág. 2.
[9] *Véase*, SUMAC TA, Entrada 5.

(3) días para que acreditara a qué partes les notificó la determinación emitida el 31 de marzo de 2026, a los fines de auscultar detenidamente nuestra jurisdicción.[10]

El 26 de junio de 2026, la OCIF presentó *Moción en Cumplimiento de Orden* a la cual adjuntó *Certificación.* En suma, informó que notificó el dictamen a Wilson 1350, LLC y al Lcdo. Diego Corral González por medio de correo certificado. También, indicó que se envió la notificación al Lcdo. Diego Corral González vía correo electrónico. Por último, indicó "**no surge que la OCIF le haya enviado una notificación separada a R3 Holdings, LLC. No obstante, R3 Holding, LLC tiene la misma dirección física y postal que Wilson 1350, LLC y la misma representación legal**".[11] (Énfasis nuestro).

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica pertinente a la controversia ante nuestra consideración.

## II.
### *A. Jurisdicción*

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Véase, también, *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025). Por su transcendencia, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Friger Salgueiro v. Mech-Tech College, LLC y otros,* 2026 TSPR 30, 218 DPR ___ (2026); *FCPR v. ELA et al.*, 211 DPR 521, 30 (2023).

---

[10] *Véase,* SUMAC TA, Entrada 6.
[11] *Véase,* SUMAC TA, Entrada 7, pág. 1.

En ese sentido, "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178, (2022); *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 386 (2020). Ello, pues, de dictarse sentencia sin ostentar jurisdicción, entonces el decreto será nulo, es decir, jurídicamente inexistente o *ultravires. Rodríguez Vázquez v. Hosp. Auxilio Mutuo,* 2025 TSPR 55, 215 DPR ___ (2025); *Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007). En esa línea, "un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *In re Laboy Hernández,* 209 DPR 1067, 299 (2022); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007). (Énfasis nuestro). Por tanto, "[s]i un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *Friger Salgueiro v. Mech-Tech College, LLC y otros, supra; FCPR v. ELA et al., supra,* pág. 530.

### B. Notificación de dictámenes administrativos

En nuestro estado de derecho vigente, la notificación adecuada "es característica imprescindible del debido proceso de ley". *Vélez v. A.A.A.,* 164 DPR 772, 789 (2005). A la luz de esta normativa, el Tribunal Supremo de Puerto Rico ha reconocido que "es indispensable que la notificación sea adecuada a todas las partes". *PVH Motor v. ASG,* 209 DPR 122, 132 (2022). En armonía con lo anterior, la Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9654, según enmendada ("LPAU"), instaura el procedimiento para garantizar la adecuada notificación de un dictamen emitido ante foro administrativo, según se esboza a continuación:

**La agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.** (Énfasis nuestro y citas omitidas).

De conformidad con lo anterior, la OCIF adoptó el Reglamento de Procedimientos Adjudicativos de la Oficina del Comisionado de Instituciones Financieras, Reglamento Núm. 9551, del 11 de abril de 2024 ("Reglamento de la OCIF" o "Reglamento 9551"). En específico, la Sección 3.1 del Reglamento 9551, *supra*, dispone que las notificaciones requeridas bajo los procedimientos de esta Reglamento se efectuarán de las siguientes formas: correo electrónico, correo ordinario, correo certificado o diligenciamiento personal a la dirección que obre en el expediente para cada parte o a su representante legal.

No obstante, si no se cumple con el procedimiento descrito, entonces se quebranta el debido proceso de ley que asiste a las partes. Ello, pues, la notificación defectuosa de una decisión emitida por una agencia priva de jurisdicción al foro revisor para entender el asunto en disputa e impide que comience a transcurrir el término para recurrir a nivel apelativo, lo cual incide en el debido proceso de ley de la parte afectada. *St. James Sec. v. AEE,* 213 DPR 366, 380 (2023); *PVH Motor v. ASG, supra,* pág. 132. En tales circunstancias, el recurso presentado se considera prematuro como resultado del defecto en la notificación. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019). Ahora bien, la desestimación de un recurso por prematuro le permite a la parte interesada volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

**III.**

Como cuestión principal, los tribunales estamos llamados a auscultar el alcance de nuestra jurisdicción, previo a la atención de los casos en sus méritos. Así nos aseguramos de que ostentamos la autoridad correspondiente para revisar un recurso, y a su vez, evitamos que se emitan dictámenes *ultravires* o inexistentes. Véanse, *Rodríguez Vázquez v. Hosp. Auxilio Mutuo, supra*; *Maldonado v. Junta de Planificación, supra*, pág. 55. En consideración a esta normativa, evaluamos detenidamente el recurso que nos ocupa. Efectuado dicho examen, colegimos que estamos impedidos de asumir la jurisdicción en este momento. *Veamos.*

En esencia, contemplamos que el dictamen desestimatorio emitido el 31 de marzo de 2026 no se notificó a Endeavor Capital, quien es la Parte Querellada, aquí Recurrida, ni a R3 Holding. Ante tales circunstancias, identificamos un incumplimiento sustancial en el trámite notificativo por parte de la agencia, lo cual impide que activemos nuestra facultad revisora. En este análisis, conviene recordar que, la Sección 3.14 de la LPAU, *supra*, preceptúa que, la agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, y a sus abogados de tenerlos, en cuanto a decisión emitida, a los fines de garantizar su derecho a solicitar revisión judicial. De conformidad con lo anterior, la Sección 3.1 del Reglamento de la OCIF, *supra*, dispone que las notificaciones se efectuarán por los siguientes medios: correo electrónico, correo ordinario, correo certificado o diligenciamiento personal a la dirección que obre en el expediente para cada parte o a su representante legal.

Sin embargo, en el presente caso, la OCIF no notificó a Endeavor Capital ni R3 Holding respecto al dictamen recurrido, a tenor con las formalidades dispuestas en los cuerpos normativos

precitados. Tal incumplimiento consecuentemente impide que comience a decursar el término para recurrir a nivel apelativo, lo cual, a su vez, incide en el debido proceso de ley que asiste a las partes. Véanse, *St. James Sec. v. AEE, supra*, pág. 380; *PVH Motor v. ASG, supra*, pág. 132. En vista de ello, el recurso de epígrafe se considera prematuro, por lo cual, procede su desestimación como resultado de la notificación defectuosa.

Por último, puntualizamos que esta *Sentencia* no adjudica la controversia en cuanto a si la OCIF ostenta o no jurisdicción para atender la *Querella* radica por la Parte Recurrente.

**IV.**

Por los fundamentos que anteceden, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción como resultado de la notificación defectuosa.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones